IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LENN D. REED,

                      Petitioner,

vs.                                         Case No. 3:15-cv-00835-DRH

STEVE DUNCAN,

                      Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Petitioner Lenn Reed is currently incarcerated at the Lawrence Correctional Center in Sumner, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Lenn has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 state convictions for first-degree murder and aggravated vehicular hijacking in the Madison County Circuit Court in Edwardsville, Illinois. (*Id.*) Lenn alleges that his convictions were improper because his due process rights were violated and his counsel was constitutionally ineffective. (*Id.* at 12-30.)

      This matter is now before the Court for a preliminary review of Lenn's habeas petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

**Background**

On June 11, 1998, Lenn Reed and his twin brother Glenn Reed were found guilty of first-degree murder and aggravated vehicular hijacking for their roles in the death of Michael Ufert, a resident of Alton, Illinois. (Doc. 1 at 1.) Lenn appealed his convictions to the Appellate Court of Illinois arguing that the evidence was insufficient to prove his guilt; that it was error to introduce an accomplice's prior statement; that the trial court abused its discretion in allowing the jury to listen to a largely-inaudible videotape; that the prosecutor committed misconduct; that the trial court erred in allowing a count to be added on the eve of trial; that trial counsel was incompetent; that the sentence imposed was unfair; and that the sentence was unconstitutional. (*Id.* at 1-3.) On September 7, 2001, the appellate court affirmed Lenn's conviction but modified his sentence for first-degree murder to a 60-year prison term. (*Id.* at 2.) Lenn filed a petition for leave to appeal to the Supreme Court of Illinois, which was denied on December 5, 2001. *People v. Reed*, 763 N.E.2d 776 (Ill. 2001). Lenn did not file a petition for certiorari in the United States Supreme Court. (Doc. 1 at 4.)

On September 21, 2001, Lenn filed his first state petition for post-conviction relief, claiming that his trial counsel was ineffective for failing to have evidence tested and for failing to prepare for trial, among other problems. (*Id.* at 6.) Lenn supplemented that petition several times, adding many more bases for error. (*Id.* at 7-8.) The original petition was denied on October 19, 2009. (*Id.* at 6.) Some portions of the original petition were appealed to the Appellate Court of

Illinois, and that court affirmed the denial of the petition on June 1, 2012. (*Id.* at 11.) Lenn sought rehearing, which was denied on June 26, 2012. (*Id.*) He then sought leave to appeal from the Illinois Supreme Court, which was denied on September 23, 2014. (*Id.*) Lenn filed a second state post-conviction petition on April 13, 2013, asking for DNA testing in support of a claim for actual innocence. (Doc. 1 at 6.) The second post-conviction petition was denied on June 13, 2014, and the appeal linked to that petition remains pending. (*Id.* at 6, 9.)

On July 31, 2015, Lenn filed a § 2254 petition in this Court. (*Id.* at 1.)

## Discussion

Lenn raises a number of grounds of error in his federal habeas petition: he says that both of his state convictions were the product of insufficient evidence; that it was improper to allow the jury to view an irrelevant videotape; that his convictions were the product of perjured testimony; that the prosecutor misled the jury and withheld evidence; and that his trial counsel was ineffective for failing to object during jury selection, failing to secure exculpatory evidence, failing to present fingerprint evidence, and failing to present evidence concerning the true perpetrators of Ufert's murder and carjacking. (*See id.* at 12-30.)

There are some potential pitfalls with Lenn's federal petition. For one, Lenn suggests that some of his grounds for relief in this action were not raised in the state court below due to the errors of appellate or post-conviction counsel. If Lenn could still bring these grounds to the attention of the state court below, he would have exhaustion problems; if he could not, he may face forfeiture issues.

*Riggins v. McGinnis*, 50 F.3d 492, 493 (7th Cir. 1995). Once more, Lenn references a pending post-conviction petition appeal in the Illinois state courts. It does not appear as if he is bringing any of the claims pending in that petition in this case, but to the extent he is, his petition would be mixed, again presenting possible exhaustion issues and the potential need for a stay. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Given the muddled procedural posture of this case, there is insufficient information before the Court upon which to conclude that dismissal at the preliminary stage is appropriate. *See Walker v. Thompson*, 288 F.3d 1005, 1005 (7th Cir. 2002) (court should not dismiss a suit *sua sponte* based on a defense like exhaustion unless it is "plain from the face of the complaint that the suit can be regarded as frivolous"). Accordingly, Respondent will be required to answer the petition or otherwise file a responsive pleading.

One closing note is in order concerning a motion Lenn filed with his petition: Lenn seeks to join his habeas petition with his twin brother Glenn Reed's petition, or in the alternative to consolidate their petitions before this Court. (Doc. 2.) Lenn says this is proper because Lenn and Glenn's efforts in the state courts have always been joint or consolidated, that there is no conflict of interest, that they are raising "essentially the same issues in their pleadings in the State courts," and that Lenn has assumed responsibility for "preparing all pleadings" submitted by Lenn or Glenn, other than those filed by counsel. The Court's preliminary review of this motion indicates that it requires further attention. As such, this motion will be referred to Judge Proud for consideration.

**Disposition**

**IT IS HEREBY ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that respondent shall answer the petition within thirty days of the date this Order is entered.[1]  This Order to respond does not preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present.  Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that the motion for permissive joinder or, in the alternative, motion to consolidate (Doc. 2) is **REFERRED** to Magistrate Judge Clifford J. Proud for consideration.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action.  This

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 21, 2015**

Digitally signed by David R. Herndon
Date: 2015.08.21 14:42:44 -05'00'

**United States District Judge**